IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN JOHNSON, #Y26289, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-00667-JPG |
| | ) |
| DR. JOHN/JANE DOE and | ) |
| WEXFORD HEALTHCARE | ) |
| SOURCES, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of Plaintiff Kevin Johnson's First Amended Complaint filed June 6, 2025. (Doc. 17). Plaintiff brings this civil rights action under 42 U.S.C. § 1983 for constitutional deprivations arising from a delay in replacing his broken eyeglasses. He seeks money damages and injunctive relief.[1] *Id*. at pp. 1-49. The First Amended Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.

### First Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 17, pp. 1-10): Plaintiff was prescribed eyeglasses for a "lazy eye" when he was a child, and he required new prescription glasses every six months for deteriorating vision. *Id*. at 9-10. Without glasses, he

---

[1] Plaintiff seeks a Court Order requiring the Illinois Department of Corrections (IDOC) to give him replacement eyeglasses. *Id*. at 11. The IDOC is not a party to this action, so his request is denied. If Plaintiff requires interim relief, he should file a separate Motion for Temporary Restraining Order (TRO) and/or Preliminary Injunction under Federal Rule of Civil Procedure 65(a)-(b). In the motion, Plaintiff should describe the exact relief he seeks and the facts that support his request.

1

suffered from double vision and loss of depth perception. *Id*. at 12. When his eyeglasses broke at Pinckneyville Correctional Center (Pinckneyville) on or around October 21, 2024, Plaintiff requested replacement eyeglasses. *Id*. at 2.

Dr. John/Jane Doe, the prison eye doctor employed by Wexford Healthcare Sources, Inc. (Wexford), explained that Plaintiff was responsible for the cost. *Id*. at 3. Plaintiff agreed to pay for new glasses. He asked the doctor to schedule an appointment and promised to secure funds by the appointment date. Dr. Doe told Plaintiff to wait until his 2-year appointment, which was 14 months later. *Id*.

Plaintiff developed increasingly severe headaches when his glasses broke. *Id*. at 2-10. He suffered from daily migraines that caused debilitating pain. The headaches prevented sleep and caused vomiting. The migraines did not respond to the medicine he was given. *Id*.

He submitted many sick call requests for replacement eyeglasses and/or treatment of headaches.[2] Nurse Sara, Nurse Katlyn, and Nurse Aaron responded to some of his sick call requests by giving him Pepto Bismol and Tylenol. Dr. Meyers prescribed him Excedrin migraine for a year beginning on December 5, 2024. The medicine did not stop his migraines. *Id*.

Plaintiff wrote to Dr. Doe to request replacement glasses and to report additional vision loss, headaches, vomiting, and related injuries on the following dates: October 22, 2024, October 28, 2024, November 1, 2024, November 17, 2024, November 25, 2024, December 10, 2024, December 22, 2024, January 1, 2025, January 15, 2025, February 7, 2025, February 22, 2025, February 28, 2025, March 20, 2025, April 1, 2025, and June 2, 2025. *Id*. at 7-9. However,

---

[2] He submitted sick call slips on October 24, 2024, October 29, 2024, November 2, 2024; November 6, 2024; November 11, 2024; November 15, 2024; November 17, 2024; November 18, 2024; November 21, 2024; November 23, 2024; November 25, 2024; November 28, 2024; December 5, 2024, December 16, 2024; December 20, 2024; December 26, 2024; December 28, 2024; January 5, 2025; January 10, 2025; January 15, 2025; January 25, 2025; February 10, 2025; February 22, 2025; February 25, 2025; February 27, 2025; March 5, 2025; March 10, 2025; March 20, 2025; March 29, 2025; and April 15, 2025.

Dr. Doe did not meet with Plaintiff until April 21, 2025. *Id*. at 6-7. And, even after noting additional vision loss, the eye doctor did not provide Plaintiff with replacement glasses. *Id*.

Plaintiff suffered additional injuries stemming from his poor vision. In February 2025, he fell down the stairs after missing a step that he did not see. He injured his shoulder. Plaintiff continues to suffer from numbness and tingling in his hands and a limited range of motion in his arms. He was prescribed diclofenac (50 or 75 mg), acetaminophen (500 mg), and Tylenol for his shoulder pain. *Id*. at 14. In June 2025, Plaintiff suffered serious chemical burns to his hands and stomach. He could not see the instructions on a bottle of cleaning solution and used the wrong amount to clean dishes in the prison's kitchen. Plaintiff missed 21 days of work while recovering from the burns. He now seeks money damages and new eyeglasses. *Id*. at 11.

## Preliminary Dismissals

Plaintiff mentions certain individuals in the statement of his claim but does not identify them as defendants, including Nurse Sara, Nurse Katlyn, Nurse Aaron, and Dr. Meyers, among others. The Court will not treat non-parties as defendants. All claims against non-parties are dismissed without prejudice. FED. R. CIV. P. 10(a) (complaint "must name all the parties").

## Discussion

Based on the allegations, the Court designates the following claims in the *pro se* First Amended Complaint:

**Count 1:** Eighth Amendment[3] deliberate indifference claim against Dr. John/Jane Doe (prison eye doctor) for denying Plaintiff replacement eyeglasses after his eyeglasses broke on or around October 21, 2024.

**Count 2:** Eighth Amendment claim against Wexford for the denial of replacement eyeglasses after Plaintiff's glasses broke on or around October 21, 2024.

---

[3] Plaintiff also mentions the Fourth and Fourteenth Amendment. However, these amendments govern certain claims brought by arrestees (Fourth Amendment) and pretrial detainees (Fourteenth Amendment). The Eighth Amendment governs claims of inadequate medical care brought by convicted persons. Because Plaintiff was a convicted person when his claims arose, the Eighth Amendment controls.

**Count 3:** Illinois state law claim against Defendants for the intentional infliction of emotional distress.

Any other claim mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Count 1**

An Eighth Amendment claim for the denial of medical care requires the plaintiff to show that: (1) he suffered from an objectively serious medical condition; and (2) the defendant was subjectively aware of that condition and deliberately indifferent to it. *Munson v. Newbold*, 46 F.4th 678, 681 (7th Cir. 2022). The objective component is satisfied by a medical condition that has been diagnosed by a physician as requiring treatment or one where the need for treatment would be obvious to a lay person. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The subjective component is satisfied by a defendant who knows about and disregards an excessive risk to inmate health. *Id*. A delay in treating a non-life-threatening but painful condition rises to the level of deliberate indifference, if the delay exacerbates an injury or prolongs a prisoner's pain. *Taylor v. Buss*, App. No. 24-2616, 2025 WL 1902612, at *2 (7th Cir. July 10, 2025).

Plaintiff's allegations satisfy both components of this claim against Dr. John/Jane Doe at screening. Plaintiff was prescribed eyeglasses at an early age and required new prescription glasses every six months. These allegations describe a sufficiently serious medical condition at this stage. Defendant Doe delayed an appointment for replacement eyeglasses, even after he learned of Plaintiff's ongoing vision problems, headaches, nausea, and related injuries. Plaintiff never received new glasses. The allegations suggest that the eye doctor responded with deliberate

indifference by unnecessarily delaying replacement glasses while the plaintiff suffered pain and further injury. Count 1 shall receive further review against Dr. John/Jane Doe.

### Count 2

To state an Eighth Amendment claim against Wexford, Plaintiff must establish that a policy, custom, or practice attributable to the corporation actually caused a violation of his constitutional rights. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782, 786 (7th Cir. 2014) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978)). Plaintiff sets forth no allegations against this defendant. He identifies no policy, custom, or practice of the medical corporation that resulted in any delay or denial of eyeglasses or treatment for related pain or injuries. Court 2 shall be dismissed without prejudice against Wexford.

### Count 3

The Court will exercise supplemental jurisdiction over the Illinois state law claim for intentional infliction of emotional district because it is related to the federal claims. *See* 28 U.S.C. § 1367. To articulate a claim, the plaintiff must set forth allegations showing that officials acted in an extreme and outrageous way, intended to inflict severe emotional distress or knew of the high probability that it would occur, and caused the plaintiff to suffer from severe emotional distress. *See Doe v. Calumet City*, 641 N.E.2d 498, 506-07 (Ill. 1994) (citing Restatement (Second) of Torts § 46, comment d (1965)). Plaintiff lists the elements of this claim, but he sets forth no allegations in support of any of them. The Court is not obligated to accept as true "legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Count 3 shall be dismissed without prejudice for failure to state a claim.

**Identification of Unknown Defendant**

Plaintiff shall be allowed to proceed with Count 1 against Dr. John/Jane Doe, who is described as the eye doctor at Pinckneyville Correctional Center from October 21, 2024 to the present. However, this defendant must be identified with particularity before service of the First Amended Complaint can be made on him/her. Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of this defendant. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). The Current Warden of Pinckneyville Correctional Center will be added as a defendant, in his or her official capacity only, and shall be responsible for responding to discovery aimed at identifying the unknown defendant. Once the name of Dr. John/Jane Doe is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the First Amended Complaint.

**Disposition**

The First Amended Complaint (Doc. 17) survives screening, as follows:

- **COUNT 1** will proceed against Defendant **DR. JOHN/JANE DOE (Pinckneyville Correctional Center eye doctor)**, once this defendant is identified by first and last name in a Motion to Substitute Defendant.

- **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim against **WEXFORD HEALTHCARE SOURCES, INC.**

- **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim against **BOTH DEFENDANTS**.

- The **CURRENT WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER** is **ADDED** as a defendant, in an official capacity only, to help identify Dr. John/Jane Doe (eye doctor from October 21, 2024 to present) and to implement any injunctive relief ordered in this case.

Plaintiff's request for a preliminary injunction against a non-party in the First Amended

Complaint (Doc. 17, p. 11) is **DENIED**.  If Plaintiff seeks interim relief in this matter, he may file a Motion for Temporary Restraining Order and/or Preliminary Injunction under Rule 65(a) or (b) at any time during the pending action.

**The Clerk of Court is DIRECTED to ADD the Current Warden of Pinckneyville Correctional Center (official capacity only) as a party in CM/ECF; TERMINATE Wexford Healthcare Sources, Inc. as a party in CM/ECF; and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendant **CURRENT WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER (official capacity only)** and **DR. JOHN/JANE DOE (once identified)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 17), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Dr. John/Jane Doe (once identified) is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendant should only respond to the issues stated in this Merits Review Order.  The Current Warden of Pinckneyville Correctional Center need not answer the First Amended Complaint and should only appear in this matter.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 8/11/2025**

                                                       s/ J. Phil Gilbert
                                                      **J. PHIL GILBERT**
                                                      **United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve him/her with a copy of your First Amended Complaint, after he/she is identified by first and last name. After service has been achieved, the defendant will enter his/her appearance and file an Answer to your First Amended Complaint. It will likely take at least 60 days from the date of this Order to receive the Answer, but it is entirely possible that it will take 90 days or more. When the defendant has filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.